May it please the Court, I'm Matt Adams with Northwest Immigrant Rights Project on behalf of the petitioner Ray Jimenez. I'll seek to preserve two minutes for rebuttal. The original charge of deportability that was brought against my client, and which was the focus of the Board's decision, is that his conviction for child molestation in the third degree qualifies as sexual abuse of a minor. Now this Court has laid out two distinct frameworks for determining whether it's sexual abuse of a minor. The Board relied on the framework that was laid out in Estrada Espinoza, and found that the Washington Statute satisfies all four elements from Estrada Espinoza. But this is incorrect, and it's demonstrated by subsequent case law. First of all, the Washington Statute requires sexual contact, and as defined under the Washington Statute, sexual contact includes any touching of the sexual or intimate parts. And this can be, as defined by Washington State cases, can include touching the breasts, buttocks, or hips, and also can be touching over the clothing. This is clearly insufficient under the definition of a sexual act, as clarified by United States v. Castro. In addition, it falls under the Estrada Espinoza framework because it does not have the requisite mens rea. Counsel, I want to ask you about that. How do you respond to the citation of Washington v. Stevens, in which the State Supreme Court appears to require for such a conviction that the State prove beyond a reasonable doubt that the defendant acted for the purpose of sexual gratification, which is maybe not an state requirement? In State v. Stevens, the Supreme Court still upheld its prior decision in State v. Lorenz, where it explicitly stated that it was not an essential element of the crime. But it said that when this individual is looking, and it said specifically, one quote was, it's not essential, or a quote that must be included in the to-convict instruction, end quote. However, as a defense, it said it had to be looked at if the defendant wanted to provide an instruction regarding- That's not exactly what they said. I mean, it came up in the context of an intoxication defense, to be sure. But as I read the Court's opinion, it holds that this mental state is a part of the element of sexual contact, that contact is not sexual unless it has been proved to have been for the purpose of sexual gratification. For instance, if you are stung by a bee and you flail around and hit somebody in their private area, but you didn't mean to do it, it's not sexual contact, at least as I read the Washington Supreme Court decision. And certainly that conforms with what the Court said in State v. Lorenz. It made explicit that it's not going to encompass inadvertent or accidental contact. But requiring a sexual motivation to demonstrate that it is sexual contact doesn't demonstrate a requisite criminal intent in the underlying statute. I guess that's what I'm struggling with. Judge Graber framed the question well. Stevens seems to say that you need mens rea to prove sexual contact. On the other hand, Estrada Espinosa has four elements. Mens rea is separate from the sexual act. So how do we reconcile these elements? Stevens seems to say specifically that mens rea is not an essential element. On the other hand, it is clearly an essential element to prove sexual contact. So how do we reconcile these two definitions? I think first with regards to Estrada Espinosa, it's clear that regardless of whether there's a mens rea, it fails to meet the definition because it doesn't have a sexual act. It doesn't have intentional touching of the genitalia. But could it? Counsel, could it? It could, but under the categorical analysis, you look at the least culpable conduct that's penalized under the statute. So if we use the modified categorical approach, would it then be possible to determine that the defendant's or the petitioner's conviction was in fact sexual abuse of a minor? No, on two counts. One because as an element, it never requires that conduct. And the modified categorical approach is only applied when there's an element in the statute, when you have a divisible element and one portion, one subsection includes the requisite element but another does not. So you would never engage the modified categorical approach with regards to this statute. But even if you could use the modified categorical approach, the record of conviction does not demonstrate either the type of sexual conduct or the age or any other factor that the government has tried to rely on in their briefing. Let me turn your attention to the child abuse. Do you believe or is it your position that petitioner's conviction could not constitute child abuse? That is correct. Well, I would modify that to a similar response. It's certainly possible that conduct penalized by the statute would constitute child abuse. But again, under the categorical approach, we have to look at the least culpable conduct. And unless under the modified categorical approach, the record of conviction demonstrates something that qualifies as child abuse, then it would not satisfy that ground of deportation. And with regards to child abuse, I think the mens rea issue is even more evident because there's two factors that are missing. Now in Estrada Espinoza, the court made clear that a mistake of age defense is irrelevant. But with the child abuse, there's no definition that excludes that important element. There's no defense if the perpetrator reasonably believed that the victim was older than the actual age of the victim. Let me read to you from Stevens. It says, child molestation in the second degree requires a person to have or to knowingly cause another person under the age of 18 to have sexual contact with a person who is between the ages of 12 and 14. Now, that seems to indicate to me that in fact a knowing element is required or is part of the charge of child molestation, right? That was, the immigration judge read that statute in a similar manner. But if you look at that statute, the knowing only applies to if the perpetrator was knowingly causing a third individual to commit the harm. That knowingly does not apply to the statute if it's actually the perpetrator who's having sexual contact with the victim. The knowingly only goes to if there's a third party, so the perpetrator is knowingly causing the third party to have the sexual contact with the victim. It says a person is guilty when the person has, or knowingly causes another person under the age of 18 to have, sexual contact. So that is why knowingly is not part of the statute for child abuse. The only time a knowledge of age is required is when there's a third party that's brought into the equation. So even if the sexual motivation is read as providing some type of criminal intent with the age of the victim, any person could be convicted of this even though they had a reasonable defense that they were fondling a person that they met there at the dance and they believed that person to be older, unless there's a very limited mistake of age defense. That's only if there was affirmative misstatement by the victim. Absent the victim lying about their age, there is no defense. It doesn't matter whether you had a reasonable belief that the victim was older. This is important because under child abuse, you have, again, the requirement that there be a mens rea. The Board's decision in Vlaska-Herrera requires a minimum mens rea that does not exist with regards to this statute. There's a second part under child abuse that is missing, and that goes back to Judge Benitez's ... Let me ask you, because I'm a little confused about this. Why would the Stevens court say that mental state is relevant if, in fact, no mental state is required? There's two parts that mental state needs to be relevant for child abuse. What they're talking about is mental state relevant for the actual contact. Can it be accidental? No, that's insufficient. You have to show at least sexual motivation. Okay. Mental state is relevant for showing the motivation for the contact, but there is no mental state required with regards to the age of the victim. There's no need for the perpetrator to know that the victim is a minor in order to be penalized under this statute. For this very reason, that in Playa Garcia, that was part of the basis that they pointed out that you couldn't say that this conduct was per se abusive. You could have consensual partners. You could ... In fact, in Playa Garcia, you had more egregious factors. You had a larger ... A greater age difference was required. The perpetrator had to be at least 21. You had to have sexual intercourse. Again, here all you have to have is touching over the clothing. This is perhaps why the modified categorical approach makes a difference in this case, because you're dealing with a 20-year-old and a middle schooler, and clear what we would all, I think, agree is, in fact, sexual activity. I guess, even if you're correct about the categorical approach, wouldn't we have to send this back for reconsideration under the modified categorical approach? My response would be, there's no need to remand it for two reasons. One, the record of conviction was already before the agency, and the record of conviction makes clear that it doesn't demonstrate any judicially noticeable facts that would assist in this analysis. If you look at the record of conviction, for example, on page 82, 282 of the Administrative Record, and you're looking at the plea, it is that he pled guilty to sexual contact of a minor under 16. That's all the evidence is. Under the elements of the statute, that's all that can be seen here. In addition, like I said, the agency already had this before it. The agency required the board, in finding that this statute was per se abusive, apart from the mens rea, apart from not dealing with the fact that this limited mistake of The agency also already said that it is per se abusive, as demonstrated by estrada espinosa. We've already clarified that there's no sexual act as required under estrada espinosa. Counsel, what do we do if we find Stevens to just be a mass of confusion? I mean, it makes no sense. On the one hand, the court says, this is not an element. On the other hand, it says, in order to prove it, you've got to show this. What is it? It doesn't make any sense at all to me. It's sophistry. So if we look at it that way, what should we do here? Should we send it back, as Judge Graber suggested, so that the IJ or the BIA can look at this in the first instance, look at the facts more clearly? Or is this purely a matter of law, and we have to do our best to understand what the Washington Supreme Court intended? I believe it's purely a matter of law. There's no deference owed to an agency with regards to their interpretation of a criminal statute. And I concur that Stevens is difficult to get a handle on. On the one hand, it reaffirms Horan's, on the other, it implies this element of sexual motivation. Well, you know, it really is just, to me, a matter of labels. You could say, well, there's a separate element that's mens rea, and there's an element of physical element describing contact. And all that, as I read Stevens, all they're doing is saying, well, it's kind of two subsets of the element of sexual contact. Part A of sexual contact is a physical description of what happened. Part B of sexual contact is a required mental state. So they've just grouped it under sexual contact. But, you know, to me, that's just a semantic distinction. I think even if we're to accept that Stevens clearly demonstrates an intent requirement for the crime, it still doesn't satisfy either of the grounds of deportability in that all it's showing is sexual motivation. And for child abuse, you need to show the knowledge of the age of the victim, or at least that it was unreasonable for the person not to know the age of the victim. Since we're running out of time, let me just ask you two further things on the Stevens issue. I'm going to call it the rule of lenity. I'm not sure what that is in this case. But if there is a close question of law under the modified categorical exception, what do we do here? Do we give your client the benefit of the doubt? I think that's required by Congress's determination that the government has the burden of proof of demonstrating with clear and convincing evidence that my client is deportable under the statute. Okay, let me ask you a second thing. Lorenz, at least as interpreted by Stevens, indicates that the purpose, meaning the mens rea of sexual gratification, is not an essential element of first-degree child molestation in order to convict. On the other hand, in this case, it's talking about second-degree molestation. Is that the distinction here, because they're talking about two different crimes? I don't believe so. And the reason is because whether you're talking, and of course, in this case, we're talking about third-degree molestation. So they're talking about something we're not even dealing with. Exactly. And even if you were to compare first and second, the only difference there is the age of the victim. Right. I was going to ask you, I know your time is up, but we're not counting this against you. You will still get some rebuttal time. I wanted to go back to the question of child abuse, because I thought you were arguing there that an intentional state of mind is required, but I thought that in Velazquez Herrera, which this court deferred to in Fregoso, the state of mind could be much less for child abuse. It could include criminally negligent or reckless, it could be an act or an omission so long as it meets the other piece of the definition, which impairs a child's physical or mental well-being. So are we on the same page about what child abuse is? We agree that it requires, at a minimum, criminal negligence. And so even if we accept this expanded definition of intent from State v. Stevens, it still doesn't require, at a minimum, criminal negligence with regards to the age of the victim. Someone could have a reasonable belief that the partner they met there at the dance is older than they are, and they could be petting in the corner, and a parent comes up. So you don't think it's, well, that's fine. I thought recklessness might be lower than criminally negligent, but I guess that's also kind of a semantic question. Right. But I think case law, and when you're looking at a crime of violence, for example, and Fernandez-Ruiz made clear that reckless requires even more than criminal negligence. And so I believe that here you have, whether we accepted an expanded definition of intent in a crime with regards to child abuse, you're still missing any type of requirement for a mens rea of the age of the victim. And it's still, pursuant to Pelayo, cannot be considered per se abusive. The board relied on estrada espinosa in finding that it was per se abusive. Even with regards to child abuse, they specifically rely on estrada espinosa, and in doing so they err because it doesn't qualify as a sexual act as defined under that statute. Thank you. We'll give you a minute for rebuttal because we asked you a lot of questions, and we'll hear from the government. May it please the court, Russell Verbe returning for the Attorney General. Because relief is not an issue in this case, if any of these grounds of removal are upheld, the inquiry can really end and the court need go any further. And first and foremost, the respondent sees this as a crime of child abuse. Under Fergozo, this court deferred to the board's definition of child abuse as laid out in the matter of Velasquez. So at a minimum, the offense must involve a mens rea of knowing, or actually must involve, knowing reckless or criminal conduct. The board's deferred decision does not say an element. It says it must simply involve knowingly, or one of the lesser states of mind. So does that give greater, does Stevens then help? Stevens begins to make more sense. It makes more sense in that context. Absolutely, Your Honor, because we no longer have to be an element, it can simply be involving under the definition this court has already accepted. And then you couple that state of mind with an act that constitutes maltreatment, which for our purposes, according to the board, can involve direct sexual acts or sexual conduct and using a child for sexual gratification. The petitioner questions whether the Washington statute has a mens rea. Now, with respect to knowledge, the agency looked at the state statute and found that knowledge was part of the offense because the provision uses the term sexual contact and that sexual contact is statutorily defined as touching the sexual or intimate parts for the purpose of gratifying sexual desire. And applying the language from the Washington courts that determined that making contact with another for the purpose of gratifying sexual desires has that guilty knowledge and criminal intent, that's state versus law, and then that took us to the state versus Stevens, which we've already discussed, and I won't really retread the ground. So we do, on that respect, with the statute, the way it's defined and the way it's interpreted, get knowledge as involved in this child abuse offense. Add to that the fact that the statute itself uses the word knowingly in the act of causing another person to engage in prohibited sexual contact, and it really doesn't make sense to read the statute as having one mens rea for when you cause another person to engage in sexual contact and then all of a sudden become strict liability when you engage in the same criminal contact. And having the word knowingly in the statute twice might have made it easier, knowingly engages in conduct or knowingly causes another person to engage in conduct. I think you, just personally, again, speaking for myself, I think you have the harder argument grammatically on that, because if knowingly was supposed to apply to both, it would precede both verbs. I really have a problem with your reading of it, just as a matter of grammar. It's worded inartfully, I'll admit that, but I think when you take the fact that we We have to take it as they worded it and not make it up, right? Completely understood, Your Honor, but if you look at the way that the statute defines sexual contact as gratifying one's sexual desires. That's a different question. Thus bringing it in. If the perpetrator encourages another person to act, the perpetrator can be acting without any intent to gratify his own sexual desires, but rather encouraging the other person to gratify their sexual desires. So the knowingly had to be built in with respect to when you cause someone else to do it. You had to get a mens rea back into the statute. But when you act on your own and engage in the sexual conduct, the knowingly becomes part and parcel based on the definition we've been discussing for a few minutes. Let me just ask you one thing before you go on. Does the government concede that the first generic definition doesn't make it? The first generic definition? Yeah. In other words, this first statute, 9A.44.089 doesn't qualify it because it's missing an element of the generic crime. Do you agree with that? Oh, when we're talking about sexual abuse of a minor aggravated felony? Right. Yeah. There is definitely, if you stay within the categorical approach, which is what the immigration judge has done, yeah, absolutely. There's a difficulty with the statute. But as the agency asked the judge to go, the immigration judge and the board please use the modified categorical approach, neither did. I think if this court doesn't hold this as a categorical offense, the right procedure under Castro is to send it back for a modified approach. I have a question about that. Which of the documents in the record, in your view, and I know you're asking us not to decide this ourselves, but which documents, in your view, can be considered in the modified categorical approach? The information, the guilty plea, and the judgment, for sure. But is there anything beyond that? Well, sure. If on remand it went back and the DHS got the plea exchange between the court and the petitioner where he had to talk about the facts, that could be considered. But it's not in the record right now. A remand would allow for that. Well, why? You had one bite at the apple. If you, what you're saying is we the government really wanted to have the modified categorical approach used. And so we asked the agency to do it. But oh, by the way, we didn't put in all the evidence. Why should we send it back for sort of more evidence as distinct from just reconsidering what's there? Because, Your Honor, the modified categorical approach under the Supreme Court's decision is the other approach that needs to be applied. That's not my point. That's not my point. You had the opportunity to present all the evidence you had under whatever theories you had. Yes, Your Honor. And you asked the court or the agency to apply the modified categorical approach, right? They did, Your Honor, yes. So if they were asking, then presumably they had in front of the agency everything they wanted to put in at the time for that to be applied. And I guess I don't understand why you now think that you should have another opportunity to present evidence when you had all the opportunity in the world to present whatever you wanted to. Well, Your Honor, when cases are sent back to the agency, they, the record isn't static. So it's a matter of the court. It depends on the remand. I mean, if the remand, I don't think I've seen this court actually issue an order where it says remand for further consideration with a static record. A petitioner would certainly be allowed to bring forth new evidence, and so would the government. Granted, I think the government, you know, probably fell a little short in not getting everything that it wanted to. And, you know, they could go beyond what's there, and maybe they could find something. So I think it's a matter of the court. Well, I'm having difficulty with this. Am I understanding what you're saying to me now as being essentially a concession that what's in the record now doesn't help with the modified categorical approach because it doesn't include any of the information that's in the police report? Well, there's also the petitioner's own testimony that he gave to the immigration judge about the facts of his offense. That might qualify if it comes directly from him, and it did come from him. Admitted that he was a 20-year-old when he had sex with a 13-year-old. So that's in there, too. So there is that. But I think categorically, this still could qualify when we're talking. I'm still staying in the child abuse range right now because the sexual abuse of a minor opens up a whole different group of offenses. And if we can settle this at sexual abuse of a minor, we can avoid perhaps going into those waters that are somewhat difficult to talk about with sexual abuse of a minor. As I said, we have all of the collection of factors that can go to finding the abuse as involved in this offense under Velazquez Herrera. But moving on to the abuse, with respect to that element, the petitioner argues that the statute is going to have to require some actual harm because the Veracruz court did not find a categorical child abuse offense where there was no element of actual injury. But the board has since expounded on its definition in the matter of Velazquez Herrera and held that the term, or the phrase I should say, child abuse, child neglect, and child abandonment, as used in Section 237A2E, covers a pretty wide array of conduct from offenses involving actual harm and injury to endangerment offenses. And that's the matter of Sorem decision that we cite in the 28J letter. So even without the actual element of physical injury, the Washington statute can still categorically qualify as child abuse. And as I mentioned a moment ago, the board's definition includes sexual contact where the child is used as an object for sexual gratification. And again, sexual contact required under the Washington statute is undertaken with the intent to gratify one's sexual desires. It's a defined term. So it's not hard to see that using a 13-year-old child for sexual gratification amounts to maltreatment and abuse, as contemplated by Velazquez Herrera. So even though we don't have an actual word, we have a categorical child abuse offense. Now I'll turn to the sexual abuse of a minor issue. We have two possibilities, two decisions we can rely on, Estrada Espinoza or Medina Villa. And the determination as to which one we apply turns, or which path we take, turns on whether this is a statutory rape offense or not. If it is statutory rape, from what Medina tells us, Estrada Espinoza applies. If it is not, then Medina Villa applies. There is some, I'll move into that later, but if we have to get to it. The statutory rape, obviously if this statute criminalized sex between say a 17-year-old female and her maybe 18 or 19-year-old boyfriend, as the case was in Estrada, then it's going to be measured against the federal standard and you go with the four factors spelled out in Estrada. If the offense isn't statutory rape, then we go to the default considerations, a child sex abuse paradigm spelled out in Medina. The three-factor test, where knowledge no longer really becomes a factor. The Washington statute protects children in a young age group, 14 to 15. So the provision does not cover the situation of a latter teen having sex with a barely out of his teens perpetrator. In fact, this statute looks very similar to the federal definition of a sexual abuse of a minor. But again, since we're not in statutory rape, Medina Villa applies and all that needs to be shown is that the statute prescribes a sexual conduct, that the statute protects a minor, and that the statute requires abuse. There's no doubt that we have a statute that prescribes sexual conduct. There is no doubt that this protects minors. The question boils down to whether there is actual, whether the statute requires some abuse. In this court's case law, we know that protecting 16-year-olds and over does not per se involve abuse. Protecting a 13-year-old and under per se perhaps involves abuse. The 14 to 15-year-old range is a bit of a gray area. But a 14 to 15-year-old is very young and the perpetrator under the Washington statute has to be significantly older than the victim. It'll always be an adult having sex with a child in this statutory scheme, 14-year-old and an 18-year-old. Plus, the statute criminalizes more than just the lewd and lascivious conduct, which does not require contact. So we're in a different situation than Medina Villa, different than Castro, different than Palaio. This offense punishes actual sexual conduct and it requires touching of the intimate parts of the victim, even if over the clothing, for gratification. And when you combine all of those factors, tender age of the victim, an adult perpetrator, actual physical contact, even if it's above the clothes, and the sexual gratification, the abuse element appears. So under Medina, you have all three satisfied. And I think that Velazquez-Herrera, even though it is a child abuse offense, kind of gives us some illustration when we're talking about the abuse element for sexual abuse of a minor. The agency sees abuse as the sexual contact and the sexual gratification link being there. We certainly have those elements in this statute, and under Medina Villa, it's sexual abuse of a minor aggravated felony categorically. If there are no further questions, that's going to conclude the Attorney General's presentation. I believe we don't. Thank you. Mr. Adams, you may have a minute. And while you're using your minute, is a sworn admission by the petitioner in the hearing something that can be considered in the modified categorical approach? No, it's not. The case law under this court is clear. That has to be part of the record of conviction. And in the context of the crimes of domestic violence, you looked at that. The only time the Supreme Court has allowed us to go beyond the record of conviction is where you have a specific thing that falls outside of one of the elements of the crime. But moreover, in this case, if you look at the record of conviction, the judge did go beyond that. He went and looked at the police reports. He listened to the testimony of the individual. And at the end of the hearing, he concluded, quote, it appears from the evidence that Mr. Jimenez may not have actually known the victim's age at the time the criminal acts occurred, end quote. But in the end, that's irrelevant, because all we can do is look at what's in the record of conviction. And contrary to the respondent's opinion, the plea is already in the record. And the plea made clear that he was only pleading guilty to sexual contact with someone who was under 16. Is this part of the plea colloquy in the record? There's no plea colloquy in the record. Okay. In addition, the government argues that it's a gray area of whether this is per se abusive. It's not a gray area in this court. Pelayo-Garcia made a finding that it's not per se abusive. And Pelayo-Garcia looked at facts that were more egregious than the facts required by this statute. Finally, with regards, again, to the knowledge point, I would just make that even, the Attorney General's decision, Silva Trevino, is instructive, because there he was looking at a crime of indecent liberties with a child. And he found that even though there's, you know, with a sexual act, you have some type of knowledge, there's no requirement that the defendant know the age of the victim. And it was for that reason that the Attorney General found that it could not be a crime involving moral turpitude, because it lacks this necessary part of the mens rea. So regardless of whether there can be inferred an intent with regards to the sexual conduct, there is no requirement that the individual know the age of the victim. And for this purpose, it cannot qualify as child abuse. The government's unable to meet their burden of demonstrating that Mr. Jimenez, a lawful permanent resident who's been here since six, should be deported under any of these three grounds. Thank you, counsel. We appreciate the arguments of both counsel, and the case just argued is submitted.
judges: Benitez, Graber, Smith M.